(88 South. 295)

## HILL v. STATE.    (6 Div. 601.)

(Court of Appeals of Alabama. June 29, 1920. Rehearing Denied Nov. 9, 1920.)

**1. Criminal law ☞1095—On motion to strike bill of exceptions the court will consider affidavits of counsel.**

Upon a motion to strike the bill of exceptions upon appeal from a conviction of manslaughter for failure to file within time specified by statute, the insistence of state's counsel that affidavits of appellant's counsel on such question cannot be considered is not well taken, where, at the time of submission of the case, 15 days were allowed by this court to appellant's counsel in which to file the briefs and affidavits on the motion, and also to file briefs on the merits of the case, and within the stated time the affidavits and briefs were duly filed.

**2. Criminal law ☞1092(13)—Bill of exceptions stricken where not signed by judge within 90 days.**

Where it affirmatively appears that a bill of exceptions in a criminal case was not signed by the judge who tried the case within the 90 days allowed for that purpose (Code 1907, §§ 3019, 3020), the bill will be stricken upon motion of the appellee.

**3. Criminal law ☞1092(11)—Party unable to file bill of exceptions in time because transcript not furnished should proceed according to special statutory method.**

Upon defendant's appeal from a conviction for manslaughter, where it was practically impossible to complete the bill of exceptions within the 90 days allowed by Code 1907, §§ 3019, 3020, and changes therein were suggested by the solicitor's office, and there was a delay through inability of the court's stenographer to

furnish a transcript and further delay in the solicitor's office, the defendant should have proceeded under section 3022, as amended by Acts 1915, p. 816, providing that in such cases the bill may be settled by a justice of the Supreme Court.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

William H. Hill was convicted of manslaughter in the second degree, and he appeals. Bill of exceptions stricken, and cause affirmed.

The defendant was convicted on the 14th day of March and sentenced on the 15th day of March. The affidavit of the trial judge shows that on the 13th day of June, 1919, an incomplete or partial bill of exceptions was tendered him by attorneys for appellant, who stated that it was practically impossible to complete the bill within 90 days, and after some preliminary suggestions the bill was marked by the judge as tendered in incomplete form June 13, 1919. The bill was delivered to the solicitor's office and on November 5, 1919, the bill was redelivered to the judge, with certain changes suggested by the solicitor's office, and by him delivered to counsel for the defendant, and was returned to the judge on December 17, 1919, with notations by counsel for the defendant setting forth matters of disagreement. Bill was finally signed by the judge and filed with the clerk on April 12, 1920. The counsel for defendant contends that the delay was occasioned because of the inability of the court stenographer to furnish them with a transcript of the evidence, and after that had been attended to the bill was further delayed by the solicitor's office retaining it an unusual and unnecessary length of time.

M. H. Murphy, John W. Altman, and Crampton Harris, all of Birmingham, for appellant.

The court cannot go behind the indorsement of the presentation. 173 Ala. 559, 56 South. 120; 166 Ala. 615, 52 South. 347; 16 Ala. App. 301, 77 South. 451. Section 3019, Code 1907, is no stronger in its mandatory provision than section 2849, and, if the delay is without appellant's fault, he will not be prejudiced thereby. 68 South. 788; 69 South. 85. Appellant used due diligence. 43 Mich. 191, 5 N. W. 292; 111 Mo. App. 504, 86 S. W. 491; 56 S. E. 232; 92 Atl. 554. Section 3020, Code 1907, makes it discretionary with this court as to whether it will strike the bill. 19 Colo. App. 334, 75 Pac. 26; 112 Tenn. 609, 79 S. W. 132; 138 App. Div. 473, 122 N. Y. Supp. 1037. A party will not be permitted to take advantage of his own wrong. 91 Ala. 435, 8 South. 357; 3 La. Ann. 514. Counsel discuss the merits of the appeal, but, in view of the opinion, it is not deemed necessary to here set them out.

J. Q. Smith, Atty. Gen., and Huey & Welch, of Bessemer, for the State.

The bill of exceptions as presented must be complete, and cannot be completed after time for presentation has elapsed. Sections 3018, 3019, Code 1907; 202 Ala. 37, 80 South. 75; 54 South. 613; 77 South. 934. Where the bill of exceptions is not signed by the trial judge within the time allowed, it is not part of the record, and must be stricken. Section 3020, Code 1907; 189 Ala. 672, 66 South. 646; 69 South. 604; 3 Ala. App. 612, 57 South. 129; 177 Ala. 251, 58 South. 428; 188 Ala. 243, 66 South. 476.

PER CURIAM. [1, 2] After a careful consideration of the motion to strike the bill of exceptions in this case by the court sitting en banc, we are forced to the conclusion that we are without authority to do other than to hold that the motion must prevail. The insistence by counsel for state that the affidavits filed by appellant's counsel on this question cannot be considered is not well taken, for the reason that at the time of the submission of this case 15 days were allowed by this court to appellant's counsel in which to file the briefs and affidavits on the motion, and also to file briefs on the merits of the case, and within the stated time the affidavits and briefs were duly filed. We have given due consideration to all of the affidavits filed in this connection, and, however reluctant this court may be to strike the bill of exceptions, we are of the opinion that it must be done, as it affirmatively appears that the bill of exceptions was not signed by the judge who tried the case within the 90 days allowed by the statute for that purpose.

Pretermitting the question raised relative to the presentation of the bill of exceptions to the trial judge, on the question of the signing of the bill, the indorsements thereon show that it was not signed by the judge until 10 months had elapsed from the date of its presentation. There are numerous decisions of the Supreme Court and this court which hold in line with the views expressed here; the latest case being Ed Wetzel v. Birmingham Southern Railroad Co., 204 Ala. 619, 87 South. 96 (6 Div. 981).

[3] We are free to state that the facts shown by the affidavits filed by the appellant's counsel are of such nature as to convince this court of the meritorious position taken by defendant's counsel on the facts involved here and our conclusion on the motion would no doubt have been different had we authority to hold otherwise. It would appear that appellants, when confronted by conditions as here detailed, should proceed under the statute (Code 1907, § 3022, as amended by Acts 1915, p. 816).

The bill of exceptions in this case is stricken on the ground that it was not signed by the trial judge within the time

required by law (Code 1907, §§ 3019, 3020), and, there being no error apparent on the record, the judgment of the circuit court must be affirmed.

Affirmed.